UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBIN A. WILLIAMS,

Plaintiff,

-against-

KINGS HARBOR MULTICARE CENTER,

Defendant.

26-CV-5925 (KMW)

ORDER OF DISMISSAL

KIMBA M. WOOD, United States District Judge:

Plaintiff, appearing *pro se*, brings this action under Title VII of the Civil Rights Act of 1964, alleging that Defendant discriminated against her based on an unspecified characteristic. By Order dated September 8, 2026, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. (ECF No. 4.) The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction over the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

Although the law mandates dismissal on any of these grounds, the Court is obligated to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of*

*Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" courts provide to *pro se* litigants, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2).

Rule 8 requires a complaint to include enough facts to state a claim "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true, but it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," supported by mere conclusory statements. *Id*. at 678-79. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.* at 678.

**BACKGROUND**

Plaintiff brings this action under Title VII, alleging that Defendant fired her. Plaintiff alleges, "I was told to leave the building upon entering by security guard and orientation instructor. I was also fired upon them visibly looking at me. This occurred on the first day of hire inside [t]he lobby entrance." (ECF 1, at 5.)

Plaintiff seeks $76 million in damages.

## DISCUSSION

### A. Title VII Claims

Plaintiff invokes Title VII of the Civil Rights Act of 1964, which prohibits discrimination based on race, color, religion, sex, and national origin. Title VII prohibits employers from mistreating an individual because of the individual's protected characteristics, *Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007) (per curiam), or retaliating against an employee who has opposed any practice made unlawful by those statutes, *see Crawford v. Metro. Gov't*, 555 U.S. 271, 276 (2009) (holding that conduct is protected when it "confront[s]," "resist[s]," or "withstand[s]" unlawful actions). Mistreatment at work that occurs for a reason other than an employee's protected characteristic or opposition to unlawful conduct is not actionable under these federal antidiscrimination statutes. *See Chukwuka v. City of New York*, 513 F. App'x 34, 36 (2d Cir. 2013) (summary order) (quoting *Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001)).

To state a claim under Title VII, "a plaintiff must plausibly allege that (1) the employer took adverse action against h[er] and (2) h[er] race, color, religion, sex, or national origin was a motivating factor in the employment decision." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015). The plaintiff "may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Id.* at 87.

Here, Plaintiff's allegations contain no indication that she was discriminated against based on her race, color, religion, sex, national origin, or any other characteristic protected by one of the federal employment discrimination statutes. Although Plaintiff asserts that she was fired as soon as the employer saw her, she does not link this to any protected characteristic. Because Plaintiff has not alleged facts suggesting that a protected characteristic was a motivating

factor in any adverse employment decision, the Court dismisses the complaint for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B. Claims Under State Law**

A district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**C. Leave to Amend is Denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile or if the plaintiff has already been given an opportunity to amend, and has not cured the complaint's deficiencies. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Furthermore, a *pro se* litigant who has previously brought a similar action may be charged with knowledge of particular legal requirements. *See Sledge v. Kooi*, 564 F.3d 105, 109-110 (2d Cir. 2009).

Plaintiff was on notice, based on her prior litigation, of the requirement to plead facts suggesting that a protected characteristic was a motivating factor in any adverse employment

decision. Plaintiff has previously filed multiple employment discrimination actions in this court that have been dismissed for the same reasons that the Court dismisses this action. *See Williams v. Bronx Ctr. For Rehab. & Nursing*, No. 26-CV-3519 (LLS) (S.D.N.Y. Aug. 4, 2026) (dismissing Plaintiff's Title VII claims because she alleged no facts suggesting she was discriminated against based on a protected characteristic); *Williams v. Priority Care Staffing*, No. 26-CV-3518 (LLS) (S.D.N.Y. Jul. 6, 2026) (same); *Williams v. Plaza Rehab. & Nursing Ctr.*, No. 23-CV-4438 (PGG) (BCM) (S.D.N.Y. Aug. 5, 2024) (dismissing claims of race and gender discrimination under Title VII and claims of age discrimination under the Age Discrimination in Employment Act because Plaintiff failed to identify her race and gender, and alleged no facts suggesting she was discriminated against based on a protected characteristic); *see also Williams v. Triboro Ctr.*, No. 26-CV-2789 (LJL) (S.D.N.Y. Jul. 20, 2026) (directing Plaintiff, following an initial conference, to show cause why her employment discrimination claims should not be dismissed for failure to state a claim and failure to allege jurisdiction). The orders of dismissal in these actions were all issued before Plaintiff filed the complaint in this action.[1] The Court therefore finds that Plaintiff knew or should have known of the deficiencies in this complaint when she filed it. *See Sledge*, 564 F.3d at 109-10.

Moreover, Plaintiff has also demonstrated a pattern of failing to file an amended complaint when granted leave to do so. For example, in *Plaza Rehab*, Magistrate Judge Moses twice directed Plaintiff to amend her complaint to cure the identified deficiencies, but Plaintiff

[1] Plaintiff filed the complaint in this action on July 13, 2026. Judge Stanton dismissed the complaint in *Bronx Center* on June 18, 2026, with 30 days' leave to replead. ECF 1:26-CV-3519, 5. The Clerk of Court entered judgment on August 4, 2026, after Plaintiff failed to file an amended complaint. Judge Stanton dismissed the complaint in *Priority Care Staffing* on May 6, 2026, with 30 days' leave to replead. ECF 1:26-CV-3518, 4. The Clerk of Court entered judgment dismissing that action on July 6, 2026, after Plaintiff failed to file an amended complaint.

failed to do so. *See* 1:23-CV-4438, 36, at 10. In both *Bronx Center* and *Priority Care Staffing*, Plaintiff did not file an amended complaint after Judge Stanton granted her leave to do so. *See supra* note 1.

Considering Plaintiff's litigation history and because nothing in the complaint suggests that she can allege facts to cure the deficiencies, the Court declines to grant her leave to amend.

**D. Warning**

As discussed above, Plaintiff has filed multiple employment discrimination actions in this court that have been dismissed because she alleges no facts suggesting she has been discriminated against based on a protected characteristic. The Court warns Plaintiff that if she continues to file employment discrimination actions in this court without any facts suggesting she has been discriminated against based on a protected characteristic, the Court may issue an order directing her to show cause why she should not be barred from filing future civil actions IFP in this court without first seeking permission to file from the court. *See* 28 U.S.C. § 1651.

## CONCLUSION

The Court dismisses the complaint, filed IFP under 28 U.S.C. § 1915(a)(1), for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court declines to exercise supplemental jurisdiction over any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

The Court warns Plaintiff that if she continues to file nonmeritorious employment discrimination actions in this court, the Court may issue an order directing her to show cause why she should not be barred from filing future civil actions IFP in this court without first seeking permission to file from the court. *See* 28 U.S.C. § 1651.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment dismissing this action.

SO ORDERED.

Dated: September 15, 2026
New York, New York

/s/ Kimba M. Wood
KIMBA M. WOOD
United States District Judge